Art HAPPE, Plaintiff–Appellant,

v.

Honorable Thomas LOCKYEAR
and Vanderburgh County,
Defendants–Appellees.

No. 00–3206.

United States Court of Appeals,
Seventh Circuit.

Submitted April 26, 2001.*

Decided April 26, 2001.

Before Hon. JOHN L. COFFEY, Hon.
KENNETH F. RIPPLE, and Hon.
TERENCE T. EVANS, Circuit Judges.

ORDER

Art Happe appeals the dismissal of his civil rights suit for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. We affirm.

Mr. Happe brought this suit under 42 U.S.C. § 1983, alleging violations of his civil rights due to certain adverse rulings made by Indiana judge Thomas Lockyear during a civil proceeding in Vanderburgh Superior Court. Specifically, Mr. Happe claims that during that proceeding he "asked on three separate [sic] occassions [sic] to have his attorney present or to be continued until an attorney may be pres-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

ent. Judge Thomas Lockyear denied him of this priviledge [sic]." Although Mr. Happe's complaint does not specify what relief he seeks, he clarifies in later filings and in his brief on appeal that he is asking only for equitable relief: to have Judge Lockyear, as well as attorney Danny Glass (who allegedly used his influence with Judge Lockyear to obtain rulings adverse to Mr. Happe), removed from "any further proceedings" in which Mr. Happe may be involved.

■ Mr. Happe does not have standing to seek the relief he specifies. Article III standing requires that a plaintiff demonstrate an injury-in-fact, which is "concrete and particularized, actual or imminent, and not conjectural or hypothetical." *Sierakowski v. Ryan,* 223 F.3d 440, 442 (7th Cir.2000). Here, even assuming past injury, Mr. Happe has not shown an actual or imminent threat that he will be involved with either Judge Lockyear or Mr. Glass in future proceedings. Because Mr. Happe's injury is therefore purely conjectural, he lacks standing to bring this suit.

■ For completeness we add that to the extent Mr. Happe's complaint can be construed as seeking to review the state judge's rulings, the district court properly dismissed the case as barred by the *Rooker–Feldman* doctrine. Under *Rooker–Feldman,* lower federal courts do not have jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *Remer v. Burlington Area Sch. Dist.,* 205 F.3d 990, 996 (7th Cir.2000). Thus, if Mr. Happe wished to pursue a claim that his civil rights were violated by rulings made by Judge Lockyear during the state proceeding, his proper recourse was through the state court system, followed by an appeal to the Supreme Court. *Young v. Murphy,* 90 F.3d 1225, 1230 (7th Cir.1996) ("[L]itigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court.") *Rooker–Feldman* precludes us, and the district court, from considering his claim now.[1]

For the above reasons, the judgment of the district court is AFFIRMED.

---

1. We do not find it necessary to reach the various other grounds for affirmance urged by the defendants.

